## WRIGHT *vs.* WATSON.

1. Executions issued from judgments obtained under the provisions of the Act of 5th March, 1856, entitled "an Act to enable persons who have claims against trust estates, to recover said claims in a Court of law," must specify the property on which the same is to be levied, or the same will be illegal and void.

Illegality, from Lee county.    Decided by Judge PERKINS, March Term, 1860.

A *fieri facias,* endorsed " *alias fi. fa.*" in favor of the plaintiff in error, against the defendant, " to be levied of the trust property of said Mary A. Johnson, in the hands of said Jesse H. Watson, trustee," had been levied by the sheriff on a slave as a part of such trust property.

The defendant made affidavit that said *fi. fa.* was proceeding illegally, upon the following grounds:

That said *alias fi. fa.* is not a copy of the original, said to be lost, and that the " *alias* " was issued without notice to defendant.

2d. That said *fi. fa.* is an *alias fi. fa.,* and could only be issued upon a judgment of revival, which was not the case of the original judgment.    The same was a common law judgment, recovered upon a promissory note given by defendant as trustee.

3d. That the *fi. fa.* does not specify the property to be levied on in compliance with the Act of the Legislature of the 5th March, 1856.

4th. That the slave levied on is not the undivided property of said Mary A., but is the property of Mary A., and her children, and is not subject to be seized as aforesaid, not being specified in said *fi. fa.*

5th. That there is no judgment in existence on which said *fi. fa.* has issued, the same having been lost or destroyed, and that no copy has been established; that the original judgment was against defendant, simply as trustee, without being against the trust property, or specifying any trust property.

On the hearing, the Court sustained the illegality, and counsel for plaintiff excepted.

HAWKINS, for plaintiff in error.

Wright *vs.* Watson.

VASON & DAVIS, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

This was a common law execution against the property of a married woman, in the hands of her trustee, issued from a judgment rendered upon a suit, or proceeding, authorized by the Act of 5th March, 1856, entitled, "an Act to enable persons who have claims against trust estates, to recover said claims in a Court of law, and to prescribe the manner in which the same may be done." The execution having been levied, the trustee filed an affidavit of illegality to the same, on various grounds, among others, this: "That the *fi. fa.* does not specify the property to be levied on, in compliance with the Act of the Legislature." The Court below, on hearing the same, sustained the affidavit of illegality, and quashed the writ.

The fifth section of the Act, on which this proceeding was based, expressly enacts, that "all executions issued upon judgments rendered under the provisions of this Act, shall specify, in the body of the execution, the property on which the execution is to be levied, and it shall be levied on no other." This execution does not specify the property on which it is to be levied. It, therefore, could not legally be levied on any property, was illegal and void, and the Court properly so held.

Judgment affirmed.